367 So.2d 1261 (1979)
John M. BONNETTE, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 6814.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
*1262 Watson, Murchison, Crews & Arthur, R. Raymond Arthur, Natchitoches, for defendants-appellants.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before WATSON, CUTRER and DOUCET, JJ.
CUTRER, Judge.
This a workmen's compensation suit by John M. Bonnette against his employer's insurer, Travelers Insurance Company, for total and permanent disability allegedly resulting from injuries received in a job-related accident. From a judgment of the trial court awarding compensation for total and permanent disability at the rate of $95.00 per week during disability, penalties and attorney fees, medical travel expenses and other medical charges, defendant appealed. The plaintiff answered the appeal seeking an increase in attorney fees.
The specification of errors is as follows:
1. The Trial Court was manifestly erroneous in finding that any disability demonstrated by plaintiff herein arose out of an injury occurring in course and scope for the employer.
2. The Trial Court was erroneous in awarding plaintiff penalties and attorney's fees.
3. The Trial Court was manifestly erroneous in awarding compensation at the maximum rate of $95.00 per week.
4. The Trial Court was erroneous in awarding medical travel expenses.
On August 12, 1976, plaintiff was operating a road grader in the course of his employment with the Police Jury for Natchitoches Parish when the grader blade struck a stump causing the grader to stop suddenly. The sudden stop caused plaintiff to be thrown against the steering wheel causing injury. He worked the remainder of the day and, due to pain in his neck and right shoulder, he consulted with Dr. Richard Hanna the following day, August 13, 1976.
Dr. Hanna treated plaintiff conservatively for two days and then hospitalized him on August 16, 1976, for traction treatment of the neck. Plaintiff was discharged on August 28th. Dr. Hanna referred plaintiff to Dr. Burt, an orthopedist, who examined and treated plaintiff for his neck problems. Dr. Burt referred plaintiff to Dr. Warren D. Long, Jr., a neurosurgeon, for further evaluation and treatment.
Dr. Long saw plaintiff for the first time on November 5, 1976. A myelogram was performed reflecting arthritis at the C-5/6 level causing nerve root pressure. Surgery was performed on November 17, 1976, wherein a cervical fusion was performed at the C-5/6 level. Plaintiff was hospitalized until November 28, 1976. Post operative treatment was rendered. Dr. Long testified that an examination on December 28, 1976, showed plaintiff was recovering normally from the surgery but had developed problems with his right leg and hip. On January 28, 1977, plaintiff was still having problems with his back[1] but has recovered from the cervical surgery. Dr. Long recommended he go back to work but not to lift anything weighing more than 25 to 30 pounds. The plaintiff returned to work on February 4, 1977, and defendant terminated his compensation payments.
Plaintiff testified that he continued to work in pain and was taking medication. He returned to Dr. Long on April 15, 1977, complaining of severe pain in his right leg and hip. He was given medication and exercises were recommended. Plaintiff continued to work until July 8, 1977, at which time Dr. Hanna hospitalized plaintiff for his back pain. He was placed in traction and given medication. After discharge from the hospital, plaintiff saw Dr. Long again on July 19th. Dr. Long recommended a myelogram which was performed on August 5, 1977, along with X-rays. This study revealed an advanced arthritic condition *1263 in plaintiff's back. Dr. Long was of the opinion that inactivity, due to the original injury and surgery to the neck area, aggravated the existing arthritis of the back causing it to manifest itself when plaintiff attempted to return to work. Dr. Hanna also was of this same opinion. Dr. Long also was of the opinion that plaintiff was permanently disabled from performing his work as a motor grader due to the back problem. He stated, however, that plaintiff may be able to perform a sedentary type of work. There is no evidence in the record, otherwise, that plaintiff was qualified for, nor is there any evidence that plaintiff could actually perform, any sedentary type of work without substantial pain. Dr. Long last saw plaintiff on October 25, 1977. He prescribed a back brace and recommended that plaintiff continue taking medication.
The trial judge concluded that plaintiff was totally and permanently disabled and that such disability was due to the injury received on August 12, 1976. The record fully supports this finding and we find no manifest error in the trial judge's conclusion. Phillips v. Dresser Engineering, 351 So.2d 304 (La.App.3rd Cir. 1977).
Defendant terminated compensation on December 4, 1977. A report was sent to defendant by Dr. Hanna, dated August 26, 1977, which stated that plaintiff's back condition was related to the original accident and injury. The deposition of Dr. Long was taken January 22, 1978, wherein Dr. Long stated that the back problem was related to the accident and injury as that brought on inactivity which aggravated the arthritis. The refusal of defendant to resume compensation payments after obtaining this medical information entitles plaintiff to penalties and attorney fees. Under these circumstances we find no manifest error in the trial judge's award of penalties and attorney fees in the amount of $2,500.00. Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App.3rd Cir. 1978).
Plaintiff's counsel has answered the appeal seeking an increase in attorney fees for appellate services rendered by him. We conclude that the sum of $500.00 should be awarded as additional attorney fees for this appeal. The judgment will be amended accordingly.
Defendant contends that the trial judge erred in setting the compensation payments at $95.00 per week. Defendant contends that the compensation rate should be based upon plaintiff's wages of $3.09 per hour for a 40-hour week.
The record reflects that at the time of the accident, August 12, 1976, plaintiff was earning $3.09 per hour and worked 40 hours per week. Plaintiff contends that he was receiving $3.60 per hour when he terminated his work in 1977 due to the back problem. The trial judge made his calculations based upon $3.60 per week for a 40-hour week. This was error. The basis for the weekly compensation benefits is the wages received at the time of the accident. LSA-R.S. 23:1221(2) provides as follows:
"For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability." [Emphasis added]
"Wages" is defined in LSA-R.S. 23:1021(7), as amended by Act 583 of 1975. This provision reads as follows:
"`Wages' means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater; . . . ." [Emphasis added]
This provision clearly refers to "wages" received at the time of the accident. In view of the clear language in this amended statute, we cannot interpret this to mean that the disability payments are to be made according to "wages" received at a later time. Applying the rate of $3.09 per hour *1264 for 40 hours per week, the compensation rate shall be fixed at $82.40 per week.[2]
The trial judge awarded the plaintiff 16 cents per mile for his traveling expenses in seeking medical attention. This court held in Jack v. Fidelity & Casualty Company of New York, 326 So.2d 584 (La. App.3rd Cir. 1976); writ refused 330 So.2d 295 (La.1976), that a ". . . claimant's traveling expenses in seeking medical attention form part of his medical expense claim . . . ." That case allowed 15 cents per mile for these expenses. We find no manifest error in the trial judge's award.
For the reasons set forth herein, the judgment of the trial court is amended by reducing the weekly compensation payments to $82.40 per week and increasing the attorney fees by $500.00 for services rendered on appeal. In all other respects the judgment of the trial court is affirmed. All costs are to be assessed against defendant.
AMENDED AND AFFIRMED.
NOTES
[1] The first complaints of back pain were made by plaintiff to Dr. Hanna in November of 1976.
[2] $3.09 × 40 = $123.60 × 662/3 = $82.40.