394 So.2d 621 (1980)
Kent RODRIQUEZ, Plaintiff-Appellee,
v.
AMERICAN INTERNATIONAL INSURANCE COMPANY et al, Defendants-Appellants.
No. 7745.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
On Rehearing February 4, 1981.
*622 Voorhies & Labbe, Gregory Voorhies, Lafayette, for defendants-appellants.
Francis E. Mire, Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and LABORDE, JJ.
STOKER, Judge.
This is a worker's compensation suit. Plaintiff, Kent Rodriquez, sued his employer, Penrod Drilling Company, and its compensation carrier, American International Insurance Company, to recover benefits under the Louisiana Workmen's Compensation Law. The trial court awarded plaintiff twenty-nine weeks of compensation, medical expenses for this period and penalties and attorney's fees. Defendants appealed this judgment. Plaintiff answered this appeal. We amend the trial court's judgment and affirm it as amended.
The issue presented is whether plaintiff has been disabled since the date on which the payment of compensation benefits was discontinued.
On July 21, 1978, Kent Rodriquez was employed by Penrod Drilling Company as a roughneck. On that day Rodriquez while helping a Penrod driller load iron fell from a forklift. Rodriquez was treated at Baton Rouge General Hospital for abrasions, contusions and rib injuries. He was unable to return to work that day. On July 24, 1978, Dr. Thomas Lacour examined Rodriquez in Alexandria.
Appellant American International Insurance Company paid compensation benefits and medical expenses from the date of the accident until August 22, 1978. No benefits have been paid to Rodriquez since this date. This suit was instituted on March 2, 1979.
At the trial court the issue was appellee's disability. The basis of the dispute was the conflict in the medical findings of the three physicians who examined appellee. Rodriquez contended that at the time of trial on June 12, 1979, he was still disabled as a result of the injury he sustained on July 21, 1978. American International Insurance Company contended that Rodriquez's disability ceased on August 15, 1978, when Dr. Lacour released Rodriquez to return to work.
On appeal appellants complain that the evidence in the record does not support the trial court's finding that plaintiff-appellee was disabled for a twenty-nine week period following his injury. In addition, appellants argue the trial court found as fact that the appellee was not disabled on August 15, 1978, when he was released by Dr. Lacour to return to work and that appellee was not disabled on December 4, 1978, when he was examined by Dr. Beurlot. Accordingly, appellants urge the trial court judgment granting appellee compensation benefits through January of 1979 is contrary to the trial court's factual findings contained in its written reasons for judgment. Appellants also maintain that the trial court erred in awarding penalties and attorney's fees.
In answering the appeal the appellee argues that the evidence supports a finding of total and permanent disability or alternatively temporary total disability. Appellee also maintains that he is entitled to recover all medical and travel expenses for the period of his treatment. Appellee prays for an increase in attorney's fees.
The record consists of the testimony of plaintiff-appellee and the depositions of the three physicians who examined him.
*623 Dr. Thomas Lacour of Alexandria is plaintiff-appellee's family physician. Dr. Lacour, a general practitioner, treated the appellee within three days of the accident. He stated that his initial examination of plaintiff-appellee revealed abrasions of the chest and right leg. According to Dr. Lacour the appellee did not complain of back pain until a visit on August 8, 1978. Dr. Lacour ordered x-rays which revealed a first degree spondylolisthesis, a developmental problem unrelated to the July accident. As of August 15, 1978, Dr. Lacour felt that the appellee was not disabled and could return to work as a roughneck. At the time of the deposition, Dr. Lacour had last examined appellee on February 22, 1979. At this time Dr. Lacour reviewed the reports of Dr. Oates and in spite of these reports was still of the opinion that appellee was able to work.
Dr. Ray Beurlot, an orthopedist, examined the appellee on December 4, 1978, at the request of defendant American International Insurance Company. Dr. Beurlot diagnosed the appellee's condition as "resolving cervical strain". He explained that terminology:
"Q I can't figure out what you mean by resolved cervical and lumbar strain. Do you mean that he had completely recovered; is that it?
A By that I meant that I was not denying the possibility that he could have sustained a cervical and/or a lumbar strain at the time of his injury, but that, if he had, his physical findings had come to the point where we felt that he had probably recovered."
Dr. Beurlot stated that he felt that appellee could return to his former occupation as a roughneck and would place no restrictions on appellee's activities. It was Dr. Beurlot's opinion that appellee might have some discomfort at work upon his return until he got back into condition after not working for awhile. Dr. Beurlot x-rayed the appellee and found spondylolysis but no narrowing of the disc space or other signs of back injury.
Dr. James Oates, a specialist in physical medicine and rehabilitation, examined appellee at the behest of appellee's counsel. Dr. Oates first examined appellee on January 18, 1979. On that day he performed a combination neurological and orthopedic examination in order to determine the source of appellee's back pain. Appellee again visited Dr. Oates on February 7, 1979. At this time, Dr. Oates performed an electromyograph to determine if appellee had nerve damage. Based upon his clinical examination and the electromyograph, Dr. Oates concluded that the appellee had injured a lumbosacral disc and sustained damage to the fifth lumbar nerve roots. In Dr. Oates' opinion appellee could not return to work as a roughneck or to work requiring bending and lifting.
The appellee testified that he had returned to work about five or six weeks after the accident and had worked for two companies setting stakes and hooking pipe. Appellee testified that he was in pain both on the job and off. At the time of trial appellee stated he was in great pain which prevented him from working and that he was still being treated by Dr. Lacour.

DISABILITY
On the question of appellee's disability, the three medical experts in this case disagreed. Dr. Lacour and Dr. Beurlot recognized that appellee had a spondylolisthesis, a developmental problem, which did not stem from the on the job injury on July 21, 1978. They both felt that appellee could return to work as a roughneck and that his physical activities need not be restricted. Dr. Oates, as a result of his examinations of appellee in early 1979, was of the opinion that the appellee was disabled as a result of the July 21, 1978, accident. Dr. Oates felt that this accident injured the lumbosacral disc and fifth lumbar nerve roots. As a result of this damage, Dr. Oates thought the appellee could not return to work as a roughneck or to any job which required lifting or bending.
The trial court found the appellee disabled through January of 1979. This finding *624 indicates that the lower court rejected the testimony of Dr. Oates and accepted the testimony of Drs. Lacour and Beurlot.
The trial judge may accept or reject an opinion expressed by any medical expert depending on how impressed he is with the qualifications, credibility, and testimony of the expert. In evaluating the testimony of medical experts of nearly equal qualifications, considerable weight must be attached to the opportunities each doctor had for observation of the patient and the doctor's familiarity with the patient and his history. The testimony of a treating physician who has had the benefit of repeated examinations and sustained observation of a patient under his direct care is to be accorded greater weight and probative value than that of a physician who has not undertaken treatment of the patient but has merely examined him a few times preparatory to giving expert testimony regarding the patient's condition. The testimony of a physician who examines and treats the claimant from the inception of injury is entitled to greater weight than the opinion of one who examines the claimant later. Turner v. American Mutual Insurance Company, 375 So.2d 113 (La.App. 3rd Cir. 1979), writ granted, 376 So.2d 1271 (La.1979); Meshell v. Rivers, 348 So.2d 203 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 1210 (La.1977).
Dr. Lacour's deposition reflects that he felt appellee's disability ended on August 15, 1978. At this time appellee was released to return to work. It is our opinion that appellee's disability ceased on this date. The trial court awarded appellee compensation benefits through January of 1979. We do not find that this award is supported by the record. It is our opinion that careful scrutiny of the evidence warrants a finding that appellee was disabled as a result of his on the job accident from July 21, 1978, to August 15, 1978.[1] We feel that the trial court was clearly wrong under the test of Arceneaux v. Domingue, 365 So.2d 1330 (La.1979) in allowing compensation beyond this latter date. Defendant American International Insurance Company paid appellee compensation benefits and medical expenses for the period of July 21, 1978, to August 22, 1978. We are of the opinion that the discontinuation of these benefits on August 22, 1978, was not arbitrary, capricious, or unreasonable.
PENALTIES AND ATTORNEY'S FEES
The trial judge awarded penalties and attorney's fees pursuant to LSA-R.S. 22:658.[2] He based this award on the finding *625 that the defendants knew or should have known that plaintiff was disabled at "the time of receiving the report of Dr. Beurlot, presumably consistent with his testimony." This report of Dr. Beurlot does not appear in the record. However, we take it that any report by Dr. Beurlot would reflect his deposition testimony. In his deposition, Dr. Beurlot stated that at the time of his December 4th examination the appellee had probably recovered from his cervical strain and could return to work as a roughneck. We would not award penalties and attorney's fees on the same basis as the trial court, as we feel defendants acted reasonably in terminating benefits on August 22, 1979. However, appellee has made a claim for travel expenses incurred in traveling to and from Alexandria to seek treatment. A claimant's travel expenses in seeking medical attention form a part of the medical expenses claim and are subject to the statutory penalty provisions provided for by LSA-R.S. 22:658. Jack v. Fidelity & Casualty Co. of New York, 326 So.2d 584 (La.App. 3rd Cir. 1976), writ denied, 330 So.2d 295 (La.1976); Bonnette v. Travelers Insurance Company, 367 So.2d 1261 (La. App. 3rd Cir. 1979).
During the July 21 through August 15 period of disability, appellee made five trips to Dr. Lacour's office in Alexandria from his home in Pitkin. Appellee testified that the round trip is 110 miles. In addition appellee made a trip to Alexandria at the request of defendants to the office of Dr. Beurlot. We find appellee entitled to recover travel expenses for six trips to Alexandria at 110 miles per round trip. We feel that 20 cents a mile is an adequate sum for mileage. Accordingly, we award appellee $132.00 as medical travel expenses and find defendants subject to penalties and attorney's fees for failure to pay this amount.
Appellee has asked this court to increase the award of attorney's fees. The trial court awarded appellee $2,000 in fees. Based on our action in this court, we feel that the award of $2,000 should stand.
For the foregoing reasons we affirm the trial court's judgment except insofar as it grants plaintiff compensation at the rate of $130.00 per week for 29 weeks subject to a credit for amounts previously paid and insofar as it failed to award plaintiff his travel expenses incurred in meeting medical examinations. Therefore, we recast the judgment.
IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Kent Rodriquez, and against defendants, American International Insurance Company and Penrod Drilling Company, awarding plaintiff workmen's compensation benefits at the rate of $130.00 a week for three weeks, subject to a credit for amounts previously paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is entitled to legal interest and penalties of 12% on all overdue and unpaid medical and travel expenses and also attorney's fees in the amount of $2,000.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff be allowed to recover the costs of taking the deposition of Dr. James R. Oates, in the sum of $131.80 and defendants are to pay all medical expenses incurred through August 15, 1978, and travel expenses in the sum of $132.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert fees of Drs. James R. Oates, Thomas A. Lacour and R.J. Beurolot, Jr. are fixed at $100 each and taxed as costs. All costs of this proceeding are to be paid equally by plaintiff and defendants.
*626 All costs of this appeal are to be paid equally by plaintiff-appellee-appellant and defendants-appellants-appellees.
AMENDED AND AFFIRMED AS AMENDED.

ON REHEARING
We granted a limited rehearing in this case restricted to the question of penalties and attorney's fees. On original hearing we granted penalties and attorney's fees based on the insurer's failure to pay medical travel expenses. We based our decision on the cases which hold travel expenses to be a part of medical expense claims subject to the statutory penalty provisions. Although not cited in our original opinion we also relied on Norris v. Southern Casualty Insurance Company, 342 So.2d 874 (La.App. 3rd Cir. 1977), writ refused, 344 So.2d 670 (La. 1977), wherein a panel of this court held a defendant-insurer liable for penalties and attorney's fees because of its failure to furnish the plaintiff with travel expenses even though plaintiff had not requested payment of these expenses prior to trial.
On reconsidering the issue of penalties and attorney's fees we feel the better rule of law to be that a defendant-insurer is not liable for penalties and attorney's fees for failure to pay medical travel expenses unless the insurer arbitrarily, capriciously, or without probable cause refuses to pay the claimant after he has submitted an itemized statement to the insurer listing all expenses incurred while traveling to receive medical treatment. See Burgess v. Southern Casualty Insurance Company, 203 So.2d 434 (La.App. 3rd Cir. 1967).
For the reasons assigned we were in error in our original opinion wherein we held American International Insurance Company liable for penalties and attorney's fees.
We now recall and set aside our decree rendered on original hearing. For the foregoing reasons we now recast our original judgment to read as follows:
IT IS NOW THEREFORE ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of plaintiff, Kent Rodriquez, and against defendants, American International Insurance Company and Penrod Drilling Company, awarding plaintiff workmen's compensation benefits at the rate of $130.00 a week for the period beginning July 21, 1978, and ending August 15, 1978, subject to a credit for amounts previously paid, together with legal interest on each weekly payment from its due date until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff be allowed to recover the costs of taking the deposition of Dr. James R. Oates, in the sum of $131.80 and defendants are to pay all medical expenses incurred through August 15, 1978, and travel expenses in the sum of $132.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert fees of Drs. James R. Oates, Thomas A. Lacour and R.J. Beurlot, Jr. are fixed at $100 each and taxed as costs. All costs of this proceeding are to be paid equally by plaintiff and defendants.
NOTES
[1] Plaintiff offered the office records of Dr. Lacour as part of the trial record (P-4) which the trial court admitted subject to objection. In its reasons for judgment the trial court ruled that the objections were good and sustained the objections to this evidence. The trial court observed that the medical records of Dr. Lacour, offered for impeachment purposes, had not been brought up in the taking of Dr. Lacour's testimony by deposition. Therefore, the trial court ruled plaintiff had failed to lay a foundation for introduction of the medical records. Plaintiff also submitted with his brief a copy of a letter from Dr. Lacour dated October 2, 1978. This letter cannot be considered, of course, as it is outside of the record. Plaintiff urges that the medical records of Dr. Lacour, which contained his notes and comments, and the letter submitted with his brief show that plaintiff does indeed suffer back pain. We express no opinion as to whether such documents, if they could be considered, would show that any pain experienced by plaintiff is causally related to his accident or that they impeached the testimony of Dr. Lacour. Under LSA-R.S. 23:1331 a worker's compensation case may be reopened if a medical opinion relied upon to plaintiff's prejudice is based on erroneous medical conclusions, as for example, errors in diagnosis or evaluation which result in an incorrect medical diagnosis. Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3rd Cir. 1979).
[2] LSA-R.S. 22:658 provides as follows:

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all loses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.