DOUCET, Judge.
This is a workmen’s compensation suit in which plaintiff, Michael Francis, sued defendants, Manpower, Inc. and Fireman’s Fund Insurance Company to recover compensation benefits and penalties and attorney’s fees as a result of an alleged injury sustained during the course and scope of his employment. The trial court denied all of plaintiff’s demands. Plaintiff now appeals. We affirm.
Plaintiff, Michael Francis, alleged that he was injured on September 3, 1980 while he was sweeping iron filings on an oil rig in New Iberia. He claims he slipped and fell on his back as he was walking backwards, tripping on an extended piece of pipe. Mr. Francis was employed at the time by Manpower, Inc. and the employer’s insurer was Fireman’s Fund Insurance Company.
The day of the incident plaintiff was examined and treated by Dr. Jacob Lahasky of New Iberia, Louisiana. Dr. Lahasky’s final medical report reflects a diagnosis of a contusion to the lower back with a low back sprain. He recommended physical therapy and prescribed muscle relaxants and pain medication. Dr. Lahasky also noted in his report that plaintiff was capable of doing the same work as before the injury.
Mr. Francis was subsequently examined and treated by Dr. Kenneth Foumet of St. Martinville, Louisiana on September 16th and 21st of 1980. Muscle relaxants were again prescribed and physical therapy administered on five occasions from September 22nd until October 10th of 1980. Dr. Fournet’s medical report of November 4, 1980 gives no diagnosis, but does state that X-rays of the lumbar spine were taken and were reported to be within normal limits.
*703 Plaintiff was later treated by Dr. J. Boring Montgomery of Lafayette, Louisiana from October 13, 1980 until February 10, 1981. Dr. Montgomery diagnosed a severe lumbosacral strain, prescribed pain medication and recommended physical therapy, which Mr. Francis underwent.
Mr. Francis was also examined by Dr. David Jarrott on March 30, 1981, a neurosurgeon in New Orleans, Louisiana. Dr. Jarrott diagnosed a lumbar disc syndrome and advised a lumbar myelogram.
Dr. James C. McDaniel, an orthopedic surgeon, examined plaintiff on April 22, 1981 and found him to have had an essentially normal back examination.
The plaintiff, Mr. Francis, made demand upon Fireman’s Fund Insurance Company, the employer’s insurer, for the payment of weekly workmen’s compensation benefits and medical expenses in September, 1980. The medical bill of Dr. Lahasky was paid by defendant but no other medical expenses have been paid, nor have any compensation benefits been paid. The trial court dismissed plaintiff’s case and denied all requested recovery and it is from this judgment that the plaintiff now appeals.
The issue is whether the trial court was manifestly erroneous in denying the plaintiff’s claim for workmen’s compensation benefits, medical expenses, and penalties and attorney’s fees.
It is the well settled jurisprudence of Louisiana that the findings of the trial court are not to be disturbed in the absence of a showing of manifest error. If there is a reasonable evidentiary basis for the trial court’s findings of fact, its ruling must be affirmed. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3rd Cir. 1974), writ denied, 303 So.2d 187. Brookshire v. Guidry, 355 So.2d 559 (La.App. 3rd Cir. 1978).
“The trial judge may accept or reject an opinion expressed by any medical expert depending on how impressed he is with the qualifications, credibility, and testimony of the expert. In evaluating the testimony of medical experts of nearly equal qualifications, considerable weight must be attached to the opportunities each doctor had for observation of the patient and the doctor’s familiarity with the patient and his history. The testimony of a treating physician who has had the benefit of repeated examinations and sustained observation of a patient under his direct care is to be accorded greater weight and probative value than that of a physician who has not undertaken treatment of the patient but has merely examined him a few times preparatory to giving expert testimony regarding the patient’s condition. The testimony of a physician who examines and treats the claimant from the inception of injury is entitled to greater weight than the opinion of one who examines the claimant later.”
Rodriquez v. American International Insurance Company, 394 So.2d 621 (La.App. 3rd Cir. 1980).
This court must give great weight to the reasonable evaluations of credibility and inferences of fact made by the trial court. It is evident in the instant case that the trial court chose not to believe the testimony of the plaintiff since it denied his claim for compensation benefits. The plaintiff, Michael Francis, was the only witness who testified as to the alleged accident and his story was not corroborated by any other witnesses.
Additionally, the record reveals that medical testimony supports the conclusion that the alleged incident did not produce any disability. The medical testimony and reports admitted into evidence at trial were from five different physicians. It is expected, therefore, that there be some inconsistencies in the opinions rendered by the different doctors.
The trial court chose to give greater weight to the report of Dr. Lahasky, who examined the claimant from the inception of the alleged injury and was of the opinion that plaintiff could return to his same work. Neither Dr. Lahasky nor Dr. Fournet reported any objective findings of disability and the X-rays taken at Dr. Fournet’s di *704 rcction were within normal limits. The trial court has the discretion to give more weight to the reports of these physicians than those of Dr. Montgomery, whose first examination of plaintiff was over a month after the alleged accident. Neither Dr. Jar-rott nor Dr. McDaniel examined the plaintiff more than once. It is evident that the trial court chose to believe the opinion of Dr. McDaniel. He was of the opinion that plaintiffs back examination was essentially normal. Both doctors are well qualified in their specialty, and the trial court preferred to weigh Dr. McDaniel’s opinion more in its decision. There is a reasonable factual basis for the trial court’s decision and it is adequately supported by the record. Therefore, the decision is not manifestly erroneous and the trial court’s judgment is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.