DOUCET, Judge.
This is a workmen’s compensation suit. The plaintiff, J. W. Dean, sued his employers, Johnny Haynes and Lewis Brinkley, and the employers’ insurer, Georgia Casualty and Surety Company, to recover workmen’s compensation benefits. The trial court ruled in favor of the defendants and plaintiff now appeals this adverse judgment. We affirm.
*705 On June 16, 1980, the plaintiff, J. W. Dean, was injured in an accident while working as a pulpwood cutter for defendant Lewis Brinkley, a timber contractor. At that time, Mr. Brinkley was producing wood which he was selling to defendant Johnny Haynes’ business, the Haynes Pulpwood Company, Inc. At the time of the accident, defendant Georgia Casualty and Surety Company was the workmen’s compensation insurer of Haynes Pulpwood Company, Inc. with a policy issued and in full force and effect.
The accident occurred when the chain on the chain saw that plaintiff was operating broke, swung around and struck him in the left lower leg causing a laceration.
Dr. J. Lane Sauls, a family' practitioner from DeRidder, Louisiana, treated plaintiff’s injury the day of the accident. Dr. Sauls diagnosed the injury as two rather deep lacerations extending through the skin, the subcutaneous tissues, with one extending into the fascia (muscle covering). One laceration was approximately 3 inches long; the other was about 5 inches long. Dr. Sauls testified that the wound was cleaned, sutured and dressed and the plaintiff was given pain medication. Dr. Sauls subsequently saw plaintiff on a weekly basis. On these visits he was of the opinion that plaintiff was healing satisfactorily, even though plaintiff on several occasions complained of pain and tenderness. Dr. Sauls discharged plaintiff as fully healed on August 6, 1980. He testified that at the time of discharge he felt plaintiff could return to his work in the woods.
Mr. Dean testified that he attempted to return to work one day at the end of July of 1980, but ceased work after one-half day at his usual job because of pain and swelling in his leg.
After having been released by Dr. Sauls, plaintiff was examined by Dr. Austin W. Gleason and Dr. Edwin C. Simonton, Jr., both orthopedists in Shreveport, La.
Dr. Gleason examined plaintiff on September 18, 1980, at the request of his attorney. Dr. Gleason’s diagnosis was that Mr. Dean had a 1% functional disability to the left leg for injury involving the muscles of the anterior compartment with scarring and herniation of the muscles. Dr. Gleason did testify by deposition that he thought plaintiff could “go back to woodcutting or whatever”.
Dr. Simonton examined Mr. Dean on January 23, 1981. He testified by deposition that he did not find evidence of an orthopedic disorder which was disabling at that time.
Plaintiff was paid workmen’s compensation benefits at the rate of $148.00 per week from the date of the accident by defendant Georgia Casualty & Surety Company, until August 5, 1980, when benefits were terminated. Plaintiff then filed suit seeking benefits for total and permanent disability. The trial court held in favor of the defendants and plaintiff appeals.
The issue is whether the trial court was clearly wrong in failing to find plaintiff disabled and thereby denying workmen’s compensation benefits.
This court summarized the factors to be considered in weighing medical evidence in Rodriguez v. American International Insurance Company, 394 So.2d 621 (La.App. 3rd Cir. 1980):
The trial judge may accept or reject an opinion expressed by any medical expert depending on how impressed he is with the qualifications, credibility, and testimony of the expert. In evaluating the testimony of medical experts of nearly equal qualifications, considerable weight must be attached to the opportunities each doctor had for observation of the patient and the doctor’s familiarity with the patient and his history. The testimony of a treating physician who has had the benefit of repeated examinations and sustained observation of a patient under his direct care is to be accorded greater weight and probative value than that of a physician who has not undertaken treatment of the patient but has merely examined him a few times preparatory to giving expert testimony regarding the patient’s condition. The testimony of a physician who examines and treats the claimant from the inception of injury is entitled to greater weight than the opin *706 ion of one who examines the claimant later.
In determining the residual effect of Mr. Dean’s injury, the trial court evaluated both medical and lay testimony. The testifying physicians were all clearly competent and credible. However, Dr. Gleason’s opinion differed from those of Dr. Sauls and Dr. Simonton in that Dr. Gleason thought plaintiff had a 1% functional disability to the left leg. Both Dr. Sauls and Dr. Simonton believed plaintiff was not disabled.
Evidently, the trial court chose to give Dr. Sauls’ testimony greater weight than that of Dr. Gleason. Dr. Sauls was the treating physician who had the benefit of repeated examination in forming his opinion that plaintiff was not disabled. Dr. Gleason had examined the plaintiff only once in preparation for trial. Additionally, the testimony of another orthopedist, Dr. Simonton, supported the conclusion made by Dr. Sauls. The medical evidence in the record clearly supports the trial court’s judgment denying plaintiff workmen’s compensation benefits.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.