KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in finding plaintiff was not entitled to worker’s compensation benefits.
Delta Green (hereinafter plaintiff) filed this suit against her employer, Victory Crawfish Supply, Inc. (hereinafter Victory), and its insurer, American Motorists Insurance Company, seeking temporary permanent disability benefits, statutory penalties, and attorney’s fees. Relying on medical evidence taken from depositions introduced at the trial on this matter, the trial court found there was a lack of objective symptoms to support plaintiff’s continuing complaints of back pain. The trial court found that plaintiff failed to prove a disabling injury beyond the date of discharge from treatment, to return to work, by her initial treating physician. A formal judgment was signed dismissing plaintiff’s suit. Plaintiff timely perfected a devolutive appeal. We affirm.
FACTS
The facts of this case, which we adopt from the trial court’s well written reasons for judgment, are as follows:
“This is a petition for worker’s compensation benefits, penalties, and attorney’s fees. On April 11, 1986 plaintiff Delta Green, while in the course and scope of her employment as a crawfish peeler, slipped and fell on her buttocks and/or her back. She finished her shift that day but was in too much pain to return to work for defendant. She was paid worker’s compensation benefits in the amount of $68.00 per week until May 19, 1986. Based on information supplied through interrogatories and testimony at the trial of this matter it was established that plaintiff’s average weekly wage was $84.12.
Plaintiff has seen several medical doctors since her injury. She first saw Dr. Howard Alleman, a general practitioner, on April 16, 1986. During this initial visit Dr. Alleman physically examined plaintiff and took x-rays of her lumbar spine. Neither procedure showed evidence of any abnormalities. He did not render a formal diagnosis at that time but in his deposition he inferred from his notes of April 16 that plaintiff suffered from a low back strain. He recommended rest and prescribed muscle relaxants. Plaintiff saw Dr. Alleman two (2) more times. On each of these two (2) visits she continued with the same complaints of back pain while the results of Dr. Alleman’s examinations continued to be negative. At this point Dr. Alleman referred plaintiff to Dr. Roland Miller, an orthopedic surgeon who saw her first on May 9, 1986. After a physical examination and x-rays produced normal results, Dr. Miller performed a CAT scan and a bone scan on this first visit both of which were normal. On Mrs. Green’s second visit to Dr. Miller on May 16, 1986, he reviewed the results of the tests which confirmed his initial diagnosis of a simple, straightforward lumbosacral sprain. Dr. Miller felt that with some physical therapy plaintiff would recover completely in several weeks. He prescribed this course of physical therapy but stated in his depositions he didn’t know if plaintiff attended the sessions. Dr. Miller did not actually release Ms. Green to return to work because she missed her follow-up appointment. After the May 16, 1986 visit Dr. Miller did' not feel Ms. Green needed any further diagnostic work-up. He did explain further that he anticipa *684 ted an uneventful recovery since plaintiff had no neurological problems. He did not believe she had suffered a permanent injury. Dr. Miller stated that he deferred to Dr. Alleman’s opinion which related to her ultimate recovery and any further need for physical therapy.
Plaintiff then saw Dr. Alleman for one (1) last visit on May 19, 1986. She continued to complain of back pain and some leg pain. Plaintiff had placed an ace bandage on her leg because of pain. Dr. Alleman noted that this bandage had caused massive swelling of the lower leg. His physical examination produced otherwise normal results. Dr. Alleman felt that at this time plaintiff could return to her prior employment. He stated that he found no objective symptoms of back problems. It was at this time defendant American Motorists Insurance Company terminated worker’s compensation benefits to plaintiff.
Plaintiff then saw Dr. Kate Lee, a practitioner of family medicine, on June 3, 1986. At this time Ms. Green complained of back pain. The symptoms as described by her included stiffness and an inability to remain seated any length of time. She told Dr. Lee she was unable to return to work because of these complaints. Upon examination Dr. Lee detected muscle spasms in plaintiff’s lower back area. She prescribed muscle relaxants and the analgesic Dorvacet. She also recommended further physical therapy. Plaintiff then had her appendix removed on July 9, 1986. Over the course of the next year plaintiff saw Dr. Leé several more times always with the same complaint of back pain. As of June 30, 1987 Dr. Lee stated that plaintiff was still complaining of constant back pain. At this point, Dr. Lee now wants to refer plaintiff to an orthopedic surgeon. She stated she had not done so previously because she felt the muscle relaxants and pain pills were sufficient. The muscle spasm was the only objective finding detected by Dr. Lee. Dr. Lee stated that at this point there was no reason to keep plaintiff from working other than her complaints of pain. Dr. Lee felt that even if test after test administered to plaintiff produced normal results she would still restrict her return to work if Ms. Green continued her complaints of pain. Dr. Lee stated that she would defer to Dr. Miller in his assessment of her orthopedic condition.”
In addition to the medical evidence, there was lay testimony presented by plaintiff and her mother, Anna Green. Plaintiff testified that she continues to suffer pain in her lower back and tailbone. She further stated she was unable to return to her duties as a crawfish peeler at the present time because of her back problems. Plaintiff indicated a willingness to undergo further tests and treatment if recommended by her physician.
Anna Green corroborated her daughter’s testimony. She testified that plaintiff was still seeing Dr. Lee and has continued to take medication. She also stated plaintiff never hurt her back or experienced back problems before the accident of April 11, 1986. Additionally, she noted plaintiff used to help her with the housework, but has been unable to do so since the accident.
PROOF OF DISABILITY
Plaintiff contends on appeal that the trial court failed to consider the lay testimony and gave insufficient weight to the testimony of Dr. Lee in assessing the extent of her disability.
An injured employee is totally disabled, either permanently or temporarily, if he is unable to pursue any gainful employment without experiencing substantial pain. ■ LSA-R.S. 23:1221; Belt v. State, Through La. Bd. of Cosmetology, 493 So.2d 278 (La.App. 3 Cir.1986), writ denied, 496 So.2d 1044 (La.1986). The claimant in a worker’s compensation suit who alleges disability because of an inability to perform his normal or regular duties without substantial or appreciable pain must establish the existence of that condition to a reasonable certainty and by a fair preponderance of the testimony. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 (La.App. 3 Cir.1973).
In every case, the totality of the evidence, medical and lay, must be examined *685 by the court in making its determination of whether to grant a disability award. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Dominick v. CNA Ins. Co., 497 So.2d 758 (La.App. 3 Cir.1986), writ denied, 501 So.2d 231 (La.1987). However, it is the trial judge’s function to determine the weight which is to be accorded the medical testimony as well as lay testimony. Tantillo, supra.
Although it was not stated in the trial court’s reasons for judgment, it is implied the trial judge found the lay testimony lacking in credibility and, accordingly, relied mainly on the medical testimony in determining the extent and duration of the injury suffered by plaintiff.
Despite plaintiff’s allegations of substantial pain, there was a total lack of objective medical evidence to support a finding of total disability.
At trial, the credibility of the testimony of plaintiff’s mother, Anna Green, was also cast into doubt. On cross-examination, Anna Green stated she was also employed by Victory as a crawfish peeler and that she had also received a disabling work-related injury shortly after plaintiff allegedly received her injury.
The testimony of the physician who examined the injured party immediately following the accident is to be preferred over that of a physician who has examined him subsequently, particularly insofar as it relates to the nature of the injuries sustained. Francis v. Manpower, Inc., 411 So.2d 702 (La.App. 3 Cir.1982); Lege v. United States Fidelity and Guaranty Co., 217 So.2d 761 (La.App. 3 Cir.1969). Moreover, the testimony of a specialist is entitled to greater weight than that of the general practitioner when the subject at issue is in his particular field. Ellis v. Rapides Parish School Bd., 419 So.2d 990 (La.App. 3 Cir.1982).
Applying these evidentiary rules to the case at hand, we find the trial judge was not unreasonable in according greater weight to the testimony of Dr. Alleman and Dr. Miller. The trial court noted Dr. Alle-man was the first treating physician and that he and Dr. Miller felt plaintiff merely suffered a low back strain which was not a permanent injury. Additionally, the trial court found the opinions of Dr. Alleman and Dr. Miller were based upon objective evidence while the opinion of the third physician, Dr. Lee, was based on claimant’s subjective complaints. Finally, the court noted Dr. Lee deferred to Dr. Miller’s assessment of plaintiff’s orthopedic condition which was a negative finding.
Great deference is accorded to the trial court’s factual findings, both express and implicit, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appellate review of the trial court’s judgment. Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985); Touchette v. State Farm Ins. Co., 490 So.2d 1180 (La.App. 3 Cir.1986), writ denied, 494 So.2d 1181 (La.1986); Ellis, supra.
After carefully reviewing the evidence, we conclude the trial court was not manifestly in error in concluding that plaintiff failed to prove a disabling injury beyond the May 19, 1986 discharge date determined by Dr. Alleman.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant, Delta Green.
AFFIRMED.