452 So.2d 417 (1984)
Mary Ann Smith HINTON, Plaintiff-Appellant,
v.
Jerry Earl HINTON, Defendant-Appellee.
No. 83-776.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*418 Sturgeon, Gore & Gremillion, John Sturgeon, Ferriday, for plaintiff-appellant.
Smith, Taliaferro, Seibert, Boothe & Purvis, Leo Boothe, Jonesville, for defendantappellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
After obtaining a legal separation, Mary Ann Smith Hinton filed this suit for divorce and a partition of the community against Jerry Earl Hinton. Subsequently, plaintiff filed a supplemental petition reiterating her demand for a partition and further praying that defendant be ordered to file an accounting of the community of acquets and gains previously existing between the parties. The trial judge thereafter rendered judgment by default on October 13, 1980, granting a divorce and ordering a partition. On November 26, 1981, plaintiff, by motion, reiterated her demand to have defendant account for assets and income of the community. On February 23, 1982, after a hearing on the rule, the trial judge ordered defendant to account for all assets of the community and for all income received for the period 1975-1981.
After trial of the action to judicially partition the community, judgment was rendered on March 1, 1983 awarding a money judgment in favor of Mrs. Hinton in the amount of $9659.18, and ordering Mrs. Hinton to execute a deed in favor of Jerry E. Hinton conveying any and all interest that she formerly owned in the community of acquets and gains. Defendant filed a motion for a new trial on the same day, which motion was denied on May 23, 1983. Plaintiff appealed and defendant has answered the appeal.
The parties were married on September 3, 1966. A judgment of separation was signed on May 21, 1979, and in due course became final. The community of acquets and gains formerly existing between the parties was dissolved as of February 20, 1979, the date of the filing of the wife's petition on which the judgment was based.
In her petition for a judicial partition, plaintiff listed, non-exclusively, various *419 items of alleged community property. Defendant, in his answer, admitted that there were various items of furniture, motor vehicles and some real estate acquired by the community. Defendant, in answer, also alleged the payment by him of certain community debts with separate funds for which he sought reimbursement. There was no inventory taken or descriptive list filed by the parties in these proceedings. The evidence adduced at trial focused primarily on the characterization of certain assets used by defendant and his father in their farming operation, as community, as the separate property of the husband, or as belonging to a third person.
Prior to the adoption of Act 439 of 1982 (ignoring the brief life of C.C. 2369.1, enacted by Acts 1981, No. 751), other than the articles on reimbursement and accounting, the civil code articles on matrimonial regimes failed to provide a procedural basis for dealing with the right to a partition upon termination of the community. Prior to the enactment of the cited act (La.R.S. 9:2801), the civil code articles on the partition of successions were made applicable to the partition of a community estate. La. C.C. Arts. 1289 and 1308. Pursuant to these articles, the spouses could agree on how the property should be divided, in which case they were permitted to enter into a voluntary partition. La.C.C. Arts. 1294 and 1322. If the parties were unable to agree, either spouse was permitted to file a petition for a judicial partition. In the latter case, the judge had discretion as to the mode of partitionwhether in kind or by licitation. La.C.C. Arts. 1336-1340. This discretion was limited by statute and the jurisprudence which clearly stated a preference for partition in kind. La.C.C.P. Art. 4606; Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
Under our jurisprudence, the spouses' ownership of community property at dissolution was deemed to be subject to payment of community creditors. The spouses' interests were merely contingent, as the amount of community debts had to be determined before the residuum could be divided between the spouses. Consistent with this concept was the rule prohibiting piecemeal partitions of the community. Efforts by one spouse to recover a money judgment from the other spouse before payment of debts were typically unsuccessful. 42 L.L.R. 789 at 806 and authority cited therein.
In the present case, in partitioning the community estate, the trial judge stated as follows:
"This Court also finds that the community of acquets and gains owned equities in certain properties. Most of the equities were paid for by Jerry E. Hinton, and the Court feels that he is entitled to all of these equities; however, as Jerry E. Hinton receives these equities, it is also his duty to pay the balance of the amount due upon them. That is, Jerry E. Hinton gets all of the community property, but pays all of the balance due."
He further awarded judgment in favor of plaintiff in the sum of $9659.18 as her share of community earnings at the time of divorce.
We find no basis in the record for the award of the money judgment to plaintiff and there is no basis under our law for the allocation of all community assets and debts to the husband. In addition, we find that the mode of partition which the trial court employed ignored the statutory and jurisprudential limits of discretion accorded in such matters. The judgment of the trial court is therefore reversed.
As aforestated, there was no inventory taken or descriptive lists filed by the parties. In addition, despite voluminous exhibits, there is a conspicuous absence in the record of any detailed evidence of the assets belonging to the community; the valuation of such assets; and the debts owed by the community. We are therefore unable, on the record before us, to equally distribute the community effects. In Bodin v. Bodin, 392 So.2d 759, at 762 (La. App.3rd Cir.1980), we stated as follows:
"Appellate courts are given the power to remand an action for proper consideration *420 when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. LSA-C.C.P. Article 2164; Roark v. May, 367 So.2d 397 (La.App.3rd Cir.1978), writ ref., 368 So.2d 123 (La.1979); Jones v. Leday, 373 So.2d 787 (La.App.3rd Cir. 1979); Turpin v. Turpin, 175 So.2d 357 (La.App.2nd Cir.1965). Accordingly, we feel that, in the interest of justice, the judgment of the trial court must be reversed and this matter remanded to the trial court for further consideration of the issues presented...."
Under the circumstances here present, we conclude that this matter must be remanded to the trial court for further consideration of the issues presented. Upon remand, we conclude, as did our brethren of the Fourth Circuit in Simon v. Simon, 421 So.2d 931 (La.App.4th Cir.1982), that the partition should be conducted pursuant to the procedure established by Acts 1982, No. 439, enacting La.R.S. 9:2801. We agree with the statement of the court in Simon, that the statute is procedural and now governs save as to partitions already so far under way that it would cause unnecessary expense or delay. In the present case, the procedural differences should accommodate, rather than impede, an equitable partition of the community.
For the reasons assigned, the judgment appealed from is reversed and set aside and it is now ordered that this matter be remanded to the trial court for further proceedings consistent with the law and the views hereinabove expressed.
REVERSED AND REMANDED.