539 So.2d 820 (1989)
Donald J. ALLEN, Plaintiff-Appellee,
v.
Peggy Louise Marks ALLEN, Defendant-Appellant.
No. 87-1110.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Writ Denied April 7, 1989.
*821 Ronald J. Gossen, Lafayette, for defendant-appellant.
J.N. Prather, Jr., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER, DOUCET, LABORDE and KING, JJ.
LABORDE, Judge.
This case involves the partition of community property. At issue is the status (community or separate property) of a home situated on a one acre tract of land. The trial court found the home and the tract of land to be the separate property of plaintiff, Donald Allen. The defendant, Peggy Marks Allen, appeals that decision. We reverse.

FACTS
Plaintiff, Donald Allen, and defendant, Peggy Marks Allen, were divorced on September 17, 1984. On May 30, 1986, Donald filed a petition seeking a partition of the community property. Among the items sought to be partitioned was the home formerly shared by Donald and Peggy and the tract of land upon which it was located. This one acre tract had been transferred to Donald and Peggy by Roma and William Grinnell, Donald's mother and stepfather. The transfer was made by a cash sale dated October 28, 1977. The sale had a stated consideration of $2,500. Donald alleges that the property was actually verbally donated to him in 1976. An adjoining one acre tract was also allegedly verbally donated to his brother at the same time. It is alleged that Mrs. Grinnell intended these donations to be part of an advanced inheritance to her sons. She had requested that an act of donation be prepared, but the transfer was instead styled a "cash sale" so that her son could properly obtain financing for a home to be built on the lot. Apparently the $2,500 consideration was never paid. In 1978, Peggy's father built a home valued at $27,850 on the lot. Donald and Peggy were only charged $22,000 for the home and a mortgage agreement for $22,000 was signed by both of them. Peggy's father also later added a porch onto the home, but did not charge for the addition.
The trial court determined that the transfer to Donald was a relative simulation producing only the effects intended by Donald and his mother. The court also found that the act was intended to produce no effects concerning Peggy and thus was an absolute simulation as to her. The court thus found the lot to be the separate property of Donald and also the home built on the lot to be his separate property. Peggy was allowed to recover ½ of the community assets used to purchase the home and ½ of the principal paid on any mortgage notes.
On appeal, Peggy contends that the trial court erred in finding that the transfer of property was a relative simulation or donation as to Donald and an absolute simulation as to her. She also claims that the trial court erred in finding the lot and home to be the separate property of Donald. Peggy also claims that the trial court erred in failing to award to her ½ of the rental value of the property; failing to allow Donald *822 ½ of the mortgage payments made by him from the date of divorce; and in failing to determine the value of the house and lot based upon the appraisals submitted to the court.

LAW
The trial court partitioned the property of the former community in accordance with LSA-R.S. 9:2801. In doing so, the trial court determined that the transfer of property by Mrs. Grinnell to Donald and Peggy was a relative simulation as to Donald and an absolute simulation as to Peggy. Both parties agree that Mrs. Grinnell's intent in executing the cash sale was actually to donate the tract of land. What is disputed is whether that donation was intended to be made solely to Donald or to Donald and Peggy. Since the parties agree that the transaction was a donation instead of an actual cash sale, we find it unnecessary to consider the propriety of the trial court's finding that the transaction was partially a relative simulation[1] and partially an absolute simulation.[2] Instead, the determination that we must make is whether the tract of land and home were separate or community property.
LSA-C.C. art. 2340[3] provides:
"Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property."
The presumption of community property is a strong one. The burden of overcoming the presumption rests upon the party who asserts that the property is separate. To meet this burden, the proof must be clear, positive and of a legally certain nature that the property was separate instead of community. Succession of McVay v. McVay, 476 So.2d 1070, 1073 (La.App. 3d Cir.1985).
Among property that is considered to be the separate property of a spouse is property that has been donated to that spouse individually. LSA-C.C. art. 2341. Buildings and other constructions on separate property made with community assets will be considered as separate property, with the other spouse having a right to reimbursement for ½ of the value that the community assets had at the time that they were used. See LSA-C.C. art. 2366.
In the present matter Donald Allen testified that the tract of land in question was donated to him by his mother and stepfather. He had taken possession of the property prior to the date that the cash sale document was prepared. He stated that he and his brother were each given a one acre tract of land as part of their inheritance. After acquiring the tract, Donald levelled the land. He sought financing to build a home on the property, but learned that a cash sale must be executed on the property in order for him to be eligible to obtain financing. The sale was for a stated value of $2,500, but that amount was never paid.
Roma Grinnell testified that she transferred a one acre tract to each of her sons about a year before actually executing this cash sale. She gave the land to her sons as an advanced inheritance and intended for Donald to build a house on his tract. She stated that when the document actually transferring the property was drawn up, she had intended for it to be an act of donation. However, in order for her son to obtain necessary financing, she instead executed the cash sale. She stated that no money was received for the transfer of property.
Peggy Allen presented no testimony to refute the assertions of these witnesses. In her brief, she relies upon the fact that the cash sale stated that the property was transferred to Donald and Peggy Allen. Copies of the cash sale are contained in the record. The sale purports to sell, transfer and deliver the property "unto DONALD JAMES ALLEN, married to and living with Peggy Marks, and the said PEGGY *823 MARKS, both residents of and domiciled in the Parish of Lafayette, Louisiana ..."
Peggy Allen also points out that her father built the home on the property for a reduced price and later added a porch at no cost. She claims that he would not have built a home on Donald Allen's separate property. She also points out that the mortgage was signed by her and Donald. Finally, she points out that on the descriptive list provided by Donald in the partition proceedings, he referred to the tract of land as his separate property and the home located on the tract as a community asset.
The trial court reviewed the evidence presented by the parties and determined that Donald Allen sufficiently rebutted the presumption of community property. The court thus held that the tract of land and home were the separate property of Donald Allen. We do not agree. As we have stated, it was incumbent upon Donald to overcome a strong presumption that this property was community property. We do not find that the testimony presented at trial on Donald's behalf was sufficient to overcome the community property presumption. We thus hold that the tract of land and the home located on the land were the community property of Donald and Peggy Allen.
The record contains descriptive lists submitted by each party. Each party also submitted traversals of the descriptive list filed by the other. Donald also submitted an amended descriptive list. The list(s) of each party are greatly disparate from that of the other. Also, three appraisals of the value of the home and land were submitted. Each was well documented, and the range of values attached to the property was $32,016-$48,000. Based upon these discrepancies, we feel that the interest of justice dictates that we remand this case to the trial court for a proper completion of these partition proceedings. See Hinton v. Hinton, 452 So.2d 417, 420 (La.App. 3d Cir.1984).
For the above stated reasons the decision of the trial court is reversed. We remand this case for further proceedings consistent with this opinion. Costs of this appeal are taxed to Donald J. Allen.
REVERSED AND REMANDED.
GUIDRY, J., concurs and assigns reasons.
DOUCET, J., concurs for reasons assigned by GUIDRY, J.
KING, J., dissents for written reasons assigned.
GUIDRY, Judge, concurring.
I agree with the majority. Considering the onerous burden of proof required to overcome the presumption of community, I believe it to be significant that William Grinnell did not testify and his failure to testify is left unexplained. Also conspicuously absent from the record is any evidence explaining why the sale was prepared so as to convey the property to both Mr. and Mrs. Allen. For these reasons I respectfully concur in this reversal.
KING, Judge, dissenting.
I respectfully dissent from the decision of the majority.
Property sold or donated to spouses living together in community falls into the community of acquets and gains. La.C.C. Art. 2338. Property acquired during the existence of a regime of community of acquets and gains is presumed to be community property but either spouse may prove that the property is the separate property of one of the spouses. La.C.C. Art. 2340; Tullier v. Tullier, 464 So.2d 278 (La.1985). To overcome the presumption of community, the proof must be clear, positive, and of a legally certain nature that the property was separate instead of community. Succession of McVay v. McVay, 476 So.2d 1070 (La.App. 3 Cir.1985).
The cash sale deed of the property in question was "unto DONALD JAMES ALLEN married to and living with Peggy Marks, and the said PEGGY MARKS, ...". It is clear from the face of this cash sale deed that it was a sale to spouses living together and that the property would fall into the community. However, the majority *824 finds this apparent sale to be a relative simulation, See La.C.C. Art. 2027,[1] because it did not express the true intent of the parties and was a disguised donation. The basis for finding a donation rather than a sale is the testimony of Mrs. Grinnell and plaintiff-appellee stating that the consideration recited in the cash sale deed was never paid and that the cash sale deed was intended to be a donation. However, the majority finds that this same testimony of Mrs. Grinnell and plaintiff-appellee was not sufficient to overcome the community property presumption. I am at a loss to understand how the majority concludes that the same evidence was legally sufficient to establish a cash sale as a simulation or disguised donation but not legally sufficient to establish the same donation to be a donation of separate property rather than a donation of community property.
The trial judge, based upon the same evidence, which he found creditable and which was not disputed or impeached, found that the plaintiff had met his burden of proof, by clear, positive, and legally certain evidence that the property was intended as a separate donation instead of as a donation to the community. The majority merely substitutes its opinion of this evidence for that of the trial judge and states that "We do not find that the testimony presented at trial on Donald's behalf was sufficient to overcome the community property presumption."
Great deference should be accorded to the trial judge's factual findings, both express and implicit, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appellate review of the trial court's judgment. Ducote v. J.A. Jones Construction Company, 471 So.2d 704 (La.1985); Touchette v. State Farm Insurance Company, 490 So.2d 1180 (La.App. 3 Cir.1986), writ denied, 494 So.2d 1181 (La.1986). It is well settled that an appellate court should not disturb the factual findings of a trial court in the absence of manifest error. Manifest error, in its simplest terms, means "clearly wrong." Arceneaux v. Domingue, 365 So. 2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). The trial judge's factual determinations are entitled to great weight and should not be disturbed on appeal unless clearly wrong. Schexneider v. United Geophysical Corporation, 385 So.2d 533 (La.App. 3 Cir.1980).
Based on the evidence presented to the trier of fact, and applying the applicable appellate standard of review, I do not find that the trial judge was manifestly in error or clearly wrong in finding that the plaintiff-appellee had overcome the presumption of community by clear, positive, and legally certain evidence. I believe the majority has erroneously substituted its opinion of the evidence for that of the trial court contrary to the applicable standard of appellate review.
For this reason, I respectfully dissent from the opinion of the majority.
NOTES
[1] See LSA-C.C. art. 2027.
[2] See LSA-C.C. art. 2026.
[3] Civil Code Article 2340 was adopted in 1980. The disputed tract was acquired in 1977. As to the retroactive application of Article 2340 see Tullier v. Tullier, 464 So.2d 278, 283 (La.1985).
[1] While this article is new it does not change the law. See La.C.C. Art. 2027, Comment (a).