602 So.2d 759 (1992)
Donald J. ALLEN, Plaintiff-Appellee,
v.
Peggy Marks ALLEN, Defendant-Appellant.
No. 91-53.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
Rehearing Granted in Part and Denied in Part August 13, 1992.
*760 Ronald J. Gossen, Lafayette, for Peggy Allen defendant-appellant.
J.N. Prather, Jr., Lafayette, for D. Allen plaintiff-appellee.
Before LABORDE and KNOLL, JJ., and MARCANTEL[*], J. Pro Tem.
LABORDE, Judge.
In this appeal, appellant, Peggy Marks Allen, appeals a judgment in favor of appellee, Donald James Allen, for the partition of their former community property. We find the trial court erred by not valuing the former community in accordance with La.R.S. 9:2801 and affirm in part and reverse in part.

FACTS
This is an action to partition the community property of the terminated matrimonial regime of appellant, Peggy Marks Allen (Appellant) and appellee, Donald James Allen (Appellee). In Allen v. Allen, 539 So.2d 820 (La.App.3d Cir.1989) writ denied 541 So.2d 840 (La.1989) this court reversed the trial court's finding that the marital home was the separate property of appellee and remanded this case "for a proper completion of these partition proceedings." The trial court then conducted a new trial on the merits and partitioned the community property as of the date of this new trial. Appellant now appeals seeking to modify the trial court judgment in favor of appellee.

ASSIGNMENTS OF ERROR NUMBERS ONE THROUGH FOUR
Appellant alleges six assignments of error in her brief. Because the first four assignments deal with the same issue, they will be addressed together. In her first four assignments of error appellant alleges the following:
1. The trial court erred in failing to value the assets, determine the liabilities, and adjudicate the claims of the parties as of the time of the trial on the merits of January 23, 1987, pursuant to La.R.S. 9:2801.
2. The trial court erred in failing to address properly, or in effect, denying Peggy Allen's motion to set aside the fixing of December 7, 1989, for a partition trial, and instead, to adjudicate the partition as of January 23, 1987.
3. The trial court erred in construing the phraseology used by the court in Allen v. Allen, supra, "we remand this case to the trial court for a proper completion of these partition proceedings" to mean a new trial on the merits.
4. The trial court erred in proceeding with a new trial on the merits on December 7, 1989, without sworn detailed descriptive lists having been filed by the parties that negated the possibility of the *761 parties to traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive lists of the other party, all in contravention of La.R.S. 9:2801(1) and (2).
La.R.S. 9:2801 provides the rules for judicially partitioning the community property when the spouses cannot agree. La.R.S. 9:2801(4)(a) mandates:
The court shall value the assets as of the time of trial on the merits, determine the liabilities and adjudicate the claims of the parties.
The central issue presented by this appeal is what is the effective "trial date" by which the community assets should be valued. The trial court's minute entry dated January 13, 1990 indicates it interpreted this Court's order remanding this case as authorizing the taking of additional evidence to complete the partition proceedings. Based on this interpretation, a new trial on the merits was held on December 7, 1989. The trial court used this date to partition and value the community property. Appellant argues the trial court improperly interpreted this court's instructions to conduct a new trial and that the trial court erred in valuing the community assets as of the date of this new trial. We agree.
After reversing the trial court in our prior decision finding the marital home to be community property, we remanded this case "for a proper completion of these partition proceedings." The trial court relies on this court's citing of Hinton v. Hinton, 452 So.2d 417 (La.App.3d Cir.1984) as authority to conduct a new trial for the introduction of new evidence. However, Hinton, supra is distinguishable from this case. In Hinton, supra, there was no evidence in the record as to the proper value of the community and this Court remanded the case for a trial on the merits to be conducted in accordance with La.R.S. 9:2801. On the other hand, in this case, ample evidence was already contained in the record to make such a determination. We did not intend for the trial court to conduct a new trial on the merits in order to take additional evidence, but instead to partition the property based on the evidence contained in the record pursuant to La.R.S. 9:2801. The entire partition was ripe for adjudication following the trial on the merits on January 23,1987. Had the trial court initially determined the house in question was community property rather than separate, it would have then valued the community as of that date and partitioned the community in accordance with La.R.S. 9:2801. Furthermore, had we ordered a new trial, the second trial which the trial court conducted would be a nullity given that it was not conducted in accordance with La.R.S. 9:2801. We did not order a new trial, but a completion of the ongoing proceedings. Accordingly, we find merit in appellant's first four assignments of error and hold the trial court should have properly valued the community as of January 23, 1987.

ASSIGNMENT OF ERROR NUMBER FIVE
In her fifth assignment of error, appellant argues the trial court erred in disallowing her a reimbursement credit for one-half of the stipulated rentals of $350.00 per month from September 17, 1984, the date of the divorce until the date of the trial on the merits. La.R.S. 9:308(C) (now designated as La.R.S. 9:374(C)) was amended by Act 678 of the 1986 Louisiana Legislative Session and provides the following:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of La. R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Appellant argues this amendment does not apply to this case since the termination of the community occurred prior to the effective date of this amendment, and thus, she is entitled to reimbursement for one-half of the rental value of the property for the months which appellee occupied the marital home after the termination of the *762 community prior to the partition. However, this court has determined this amendment is retroactive. See, Rozier v. Rozier, 583 So.2d 87 (La.App.3d Cir.1991). Accordingly, this statute applies to the instant case and appellant is not entitled to rental payments unless she and appellee agreed to the contrary or the trial court so ordered. The trial court properly found this statute to be retroactive and did not exercise his discretion to order appellee to reimburse appellant for one-half the rental value of the property. Given our holding in Rozier, supra, we find no error on the part of the trial court on this issue. Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, appellant argues the trial court erred in granting appellee reimbursement credit for one-half of $8,077.15 for replacing the roof on the community home and one-half of $179.92 for the cost of placing limestone in the driveway. We find appellee's claim for reimbursement from appellant for these expenditures should be disallowed. Had the trial court properly found the property in question to be community at the time of the initial trial on the merits, the court would have had to value the property and determine the amount of any reimbursements due appellee for home and property maintenance at that time. Appellee and appellant reached stipulations to practically all issues before the January 23, 1987 trial. The only issues before the trial court on January 23, 1987 were (1) whether the home property was community property or the separate property of appellee; (2) whether appellee was entitled to reimbursement of one-half of $469.30 for home and property maintenance; (3) whether appellant was entitled to one-half the rental value of the home from termination of the community to the date of the trial; and (4) the value of the home property. It would be unjust to appellant to value the expenses for property maintenance and repairs after January 23, 1987 since had the trial court properly determined the home to be community property at this time, appellant would only be liable for one-half of $469.30, the value of the repairs and maintenance at the time of the trial on the merits. Appellee could not demand one-half the cost of the value of the roof or the limestone from appellant had the trial court properly determined the house was community property as of January 23, 1987 and partitioned the community as of this date. Appellant should not be penalized for the trial court's error. We therefore hold appellee is not entitled to reimbursement for one-half of the cost of the roof or the limestone from appellant and reverse the trial court judgment to that effect. Appellee is entitled to reimbursement credit for one-half of $469.30, the value of the expenses for property maintenance as of January 23, 1987.

PARTITION OF THE COMMUNITY PROPERTY
The trial court fixed the value of the community property at $35,000.00. This is a finding of fact and well within the trial court's discretion, and we cannot disturb this valuation absent manifest error. As this value falls within the range of the three appraisals submitted into the record, we will not disturb this finding. We therefore partition the community assets and liabilities as follows:

 Value of property $35,000.00
 Balance of mortgage as of January 23, 1987 15,247.08
 __________
 Equity in Property $19,752.92
Reimbursement Credits due Donald Allen from Peggy Allen:
 (1) One-half of the mortgage payments of $5,843.50 from September
 17, 1984, to January 23, 1987. $ 2,921.75

*763
 (2) One-half of house insurance premiums of $1,444.12 722.06
 (3) One-half of funds of $3,141.66 taken from checking and saving
 accounts by Peggy Allen (Judgment rendered against Peggy Allen
 for $1,570.83 on December 5, 1989). 1,570.83
 (4) One-half of home and property maintenance of $469.30 234.65
 __________
Total Reimbursement Credits due Donald Allen $ 5,449.29
Reimbursement Credits Due Peggy Allen from Donald Allen:
 (1) One-half of equity of property allocated to Donald Allen $ 9876.46
 __________
Total Reimbursement Credits due Peggy Allen $ 9,876.46
 Less total reimbursement credits due Donald Allen 5,444.29
 __________
Total net reimbursement credits due Peggy Allen $ 4,427.17

LEGAL INTEREST
Appellant alleges she is entitled to legal interest on the sum owed her from January 23, 1987 until such sum is paid. We agree. See, Queenan v. Queenan, 492 So.2d 902 (La.App.3d Cir.1986), writ denied, 496 So.2d 1045 (La.1986).

DECREE
It is ordered that appellee, Donald Allen, pay appellant, Peggy Marks Allen, $4,427.17 plus legal interest from January 23, 1987 until paid. The costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.

ON REHEARING
PER CURIAM.
Appellant, Peggy Marks Allen, has applied for a rehearing in this matter contending this court erred by nullifying the proceedings the trial court conducted on December 7, 1989 then relying on a finding of fact by the trial court at this proceeding. A careful review of the record indicates appellant is correct in this assertion. After nullifying this proceeding, it was error for this court to rely on the trial court's valuation of the property in question to partition the community. However, the three appraisals of the value of the home were contained in the record at the time of the first proceeding. See, Allen v. Allen, 539 So.2d 820 (La.App. 3d Cir.1989). Since these values were contained in the record from the first proceeding and because this dispute has resulted in protracted litigation, in the interest of judicial economy, we will value the property in question and partition the community at the time of the first proceeding. The values presented from the first proceeding ranged from $32,016-$48,000. Accordingly, we find $35,500.00 for the value of the home at the time of the first proceeding is reasonable given all the evidence contained in the record and partition the community as follows:

 Value of property $35,500.00
 Balance of Mortgage as of January 23, 1987 15,247.08
 __________
 Equity in Property $20,252.92
 Reimbursement Credits due Donald Allen from Peggy Allen:
 (1) One-half of the mortgage payments of $5,843.50 from September
 17, 1984 to January 23, 1987 $2,921.75
 (2) One-half of house insurance premiums of $1,444.12 722.06

*764
 (3) One-half of funds of $3,141.66 taken from checking and savings
 accounts by Peggy Allen (Judgment rendered against Peggy Allen
 for $1,570.83 on December 5, 1989) 1,570.83
 (4) One-half of home and property maintenance of $469.30 234.65
 _________
Total Reimbursement Credits due Donald Allen $5,449.29
 Reimbursement Credits due Peggy Allen from Donald Allen:
 (1) One-half of equity of property allocated to Donald Allen $10,126.46
 __________
Total Reimbursement Credits due Peggy Allen $10,126.46
 Less total reimbursement credits due Donald Allen 5,449.29
 __________
Total net reimbursement credits due Peggy Allen $ 4,677.17

Appellant also contends we erred in our original opinion by relying on the trial court's finding that La.R.S. 9:308(C) is retroactive to deny her reimbursement credit for rentals from appellee. Our original opinion relies on this court's holding in Rozier v. Rozier, 583 So.2d 87 (La.App. 3d Cir.1991) to find that appellant was not entitled to reimbursement for rentals. We therefore grant appellant's rehearing for the purpose of correcting our reliance on the trial court's valuation of the community in a proceeding which we nullified, but deny it in all other respects.
NOTES
[*] Judge Marcantel participated in this decision as Judge Pro Tempore.