476 So.2d 1070 (1985)
SUCCESSION OF Earl Wayne McVAY, Mrs. Catherine McVay, Administratrix, Plaintiff-Appellant,
v.
Lynn W. McVAY, Defendant-Appellee.
No. 84-654.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1071 Bolen & Erwin, Ltd., Gregory S. Erwin, Alexandria, for plaintiff-appellant.
Samuel P. Love and Joe B. Cordill, Jr., Shreveport, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
GUIDRY, Judge.
The only issue presented in this case is whether certain items listed in the descriptive list of property filed in the Succession of Earl Wayne McVay by decedent's wife, Catherine Paul McVay, were the separate property of Earl Wayne McVay, or whether they belonged to the community which existed between Earl and Catherine McVay.
Earl McVay died intestate on July 25, 1983. He was survived by his wife, Catherine, and two major children born of a previous marriage, Lynn McVay and Judith McVay Belgard. Decedent's spouse, as administratrix of his estate, filed a detailed descriptive list of decedent's property. Subsequently, Lynn McVay filed a motion to traverse the descriptive list filed by the administratrix. A hearing was conducted in this matter by the trial court. The trial court was called upon to decide the classification, i.e., separate or community, of the following property:
Savings Certificate Number 1492-20 issued by First Federal Savings & Loan Association of Alexandria in the amount of $14,091.05.
Savings Certificate Number 1803-16 issued by First Federal Savings & Loan Association of Alexandria in the amount of $10,016.28.
Certificate Number 643323 for ten (10) units issued by Insured Municipals Income Trust in the amount of $10,000.00. IRA Trust Account Number XX-XX-XX with First Federal Savings and Loan Association *1072 of Alexandria in the amount of $500.00.
The trial court determined that Certificate Number 1492-20 and the IRA trust account were community property. Certificates Numbered 1803-16 and 643323 were found to be the separate property of decedent.
Catherine Paul McVay appeals the trial court's judgment. Lynn McVay neither appealed nor answered Mrs. McVay's appeal.
Appellant, Mrs. McVay, argues on appeal that the trial court erred in finding that Certificates Numbered 1803-16 and 643323 were the separate property of decedent. Additionally, appellant contends that the IRA trust account is payable to her as beneficiary and should not appear on the descriptive list.
The record reveals that Earl and Catherine McVay were married on July 10, 1976. Eight days prior to the marriage, Earl opened two savings accounts with First Federal Savings & Loan. Account Number XXXXXX-XX had a beginning balance of $12,000.00 and Account Number XXXXX-XX had a beginning balance of $1,438.01. Mr. McVay closed these two accounts on July 26, 1979. Account Number XXXXXX-XX was closed with a balance of $14,595.23 and Account Number XXXXX-XX was closed with a balance of $5,121.01.
The only transactions which took place regarding Account Number XXXXXX-XX during the above time period were accruals of interest earned. There were numerous transactions involving Account Number XXXXX-XX. A large number of deposits were made into the latter account subsequent to the McVays being married. The record does not establish the source of the funds used for the deposits. They may have come from Mr. McVay's salary as an employee of Cotton Bros. Mr. McVay worked for Cotton Bros. until February of 1980.
In Gregory v. Gregory, 223 So.2d 238 (La.App. 3rd Cir.1969), this court observed that:
"When separate funds are mixed or co-mingled with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to establish what part of the funds belongs either to the separate estate or to the community, then all of said funds are regarded as belonging to the community. If only a relatively small amount of community funds are co-mingled with separate funds, then the mixing of such funds will be considered as inconsequential, not sufficient to constitute a co-mingling, and it will not warrant the designation of all such funds as community property. Succession of Sonnier, 208 So.2d 562 (La.App.3d Cir. 1968); Magnolia Petroleum Co. v. Crigler, 12 So.2d 511 (La.App.2d Cir.1942); Smith v. Brock, 200 So. 342 (La.App.2d Cir.1940); Succession of Land, 212 La. 103, 31 So.2d 609 (1947); Odom v. Odom, 121 So.2d 8 (La.App.2d Cir.1960); Abraham v. Abraham, 230 La. 78, 87 So.2d 735 (1956); Giamanco v. Giamanco, [131 So.2d 159 (La.App.3d Cir.1961) ] supra."
Clearly, the $12,000.00 deposited in Account Number XXXXXX-XX did not lose its identity and thus remained the separate property of Mr. McVay inasmuch as these monies were deposited prior to his marriage to appellant. The interest derived from that account was community property since the record fails to establish that Mr. McVay filed a declaration reserving the fruits of his separate property. La.C.C. Article 2339. Concerning Account Number XXXXX-XX, it is impossible to determine what part of the funds are separate and what part of the funds are community, therefore, all the funds in that account are to be regarded as community. See Gregory v. Gregory, supra.
As stated earlier, both of these savings accounts were closed on July 26, 1979. The proceeds of Account Number XXXXX-XX were placed in Account Number XXXX-XX and $12,000.00 of the proceeds of Account Number XXXXXX-XX was placed in Account Number XXXX-XX. There is nothing in the *1073 record to indicate whatever became of Account Number XXXX-XX.
In Smith v. Smith, 311 So.2d 514 (La.App. 3rd Cir.1975), writ denied, 313 So.2d 840 (La.1975), we stated:
"Property acquired during the existence of the community of acquets and gains is presumed to be community property. The burden of overcoming this presumption rests upon the party asserting the separate and paraphernal nature of the property. To overcome this heavy burden, the proof must be clear, positive and of a legally certain nature that the property for some reason did not become a part of the community." (Citations omitted).
After carefully reviewing the record, particularly the bank documents, we are unable to find with any degree of certainty the source of the funds used to obtain Certificate Number 1803-16 and 643323. Although we know that Mr. McVay had $12,000.00 of separate funds deposited in Account Number XXXX-XX, we do not know what became of that account. The funds used to obtain Certificate Number 1803-16 cannot be traced back to Account Number XXXX-XX based on the record before us. Furthermore, there was no evidence presented as to the source of the funds used to obtain Certificate Number 643323.
The trial court reasoned that these two accounts were separate property because of the names used to set them up. Number 643323 was set up in Earl McVay's name only and Number 1803-16 was set up in the names of Earl McVay, Lynn McVay or Judy Belgard. The trial court found that by setting up these accounts without any reference to his spouse, Mr. McVay intended that these accounts remain his separate property.
We cannot agree with the trial court's reasoning in this connection. The certificates in question were purchased during the existence of the community. Hence, they are presumed to be community, and that presumption can only be overcome by clear, positive proof. The proof offered by Lynn McVay to establish that these certificates were the separate property of his father was simply insufficient. Therefore, we conclude that the trial court was clearly wrong in finding that Certificates Numbered 1803-16 and 643323 were the separate property of decedent.
The next issue which we address is whether or not the IRA trust account should have been classified as community property. Appellant argues that, by virtue of her designation as beneficiary of the account upon the death of Earl McVay, the account passed to her and did not become a part of decedent's estate.
An individual retirement account is defined as a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries which meets specified requirements as to contributions in cash of a limited amount. The enabling legislation defines persons or organizations who may be trustees; permissible investments and handling of trust funds; nonforfeitability and time for distribution of an individual's interest; and, to whom distribution may be made in case of death of the primary beneficiary. 47A C.J.S. 519.
The provisions governing the individual retirement account are set out in 26 U.S.C.A. § 408. Section 408(g) states that: "This section shall be applied without regard to any community property laws." In light of this provision, it would appear that the argument advanced by appellant is correct. However, we believe that the community of acquets and gains owned a sum of money equivalent to the value of the IRA. We base this conclusion upon our court's treatment of U.S. Savings Bonds. In the case of Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir.1976), writ denied, 342 So.2d 217 (La.1977), our court was called upon to decide how U.S. Savings Bonds were to be treated under Louisiana community property law. The court stated:
"... although the bonds need not be included in the descriptive list of the *1074 succession, the value of the decedent's community interest in the bonds must be included therein. Therefore, the community of acquets and gains owned a sum of money equivalent to the value of the bonds at the time of decedent's death, and one-half the value thereof necessarily forms a part of his patrimony. See Succession of Videau, 197 So.2d 655 (La. App. 4th Cir.1967), writ refused, 250 La. 920, 199 So.2d 922; and Succession of Guerre, 197 So.2d 738 (La.App. 4th Cir. 1967), writ refused, 250 La. 928, 199 So.2d 925, 926."
In the instant case, there is no question but that community funds were used to open the IRA. Hence, we conclude that the community of acquets and gains owned a sum of money equivalent to the value of the IRA at the time of decedent's death.
For the above and foregoing reasons, the judgment of the trial court is reversed in part. It is now ordered, adjudged and decreed that Certificates Numbered 1803-16 and 643323 be set forth in the detailed descriptive list as the community property of Earl and Catherine McVay. It is further ordered, adjudged and decreed that the IRA trust account be left off of the detailed descriptive list, but instead the amount of $500.00, representing the value of the IRA, be set forth in the detailed descriptive list as community property. In all other respects, the judgment of the trial court is affirmed. One-half of the cost of appeal is assessed to the separate estate of the decedent and the other half is assessed to the community.
REVERSED IN PART; AFFIRMED IN PART; AND, RENDERED.