**Waddy Turner MEEK, et al.**

v.

**Linda Darnell Meek TULLIS, et al.**

**Civ. A. No. 91–0689.**

United States District Court,
W.D. Louisiana,
Shreveport Division.

May 18, 1992.

W. Deryl Medlin, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for plaintiffs.

Byron A. Richie, C. Vernon Richie, Richie & Richie, Shreveport, La., for defendants.

## JUDGMENT

STAGG, District Judge.

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, having thoroughly reviewed the record and concurring with the Magistrate Judge's findings under the applicable law:

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs' Motion for Summary Judgment is GRANTED, that the defendants' cross-motion is DENIED, and that declaratory judgment issue in plaintiffs' favor, that the Employee Retirement Income Security Act of 1974 (the "Act") preempts the application of Louisiana's community property laws to the assets of, or the benefits payable under, the Retirement Plan for Employees of Arkla, Inc., the Arkansas Louisiana Gas Company and Subsidiaries Employee Stock Ownership Plan, the Arkla, Inc. and Subsidiaries Tax Credit Employee Stock Ownership Plan and the Thrift Plan for Employees of Arkla, Inc. (the "Plans"), all of which Plans are governed by the Act; and that the defendants, Linda Darnell Meek Tullis and Paul Edward Meek, in their capacity as heirs of Virginia Bonnette Meek, have no interest in such assets and/or benefits, nor do they have a claim against the plaintiffs for any portion of the value thereof.

## REPORT AND RECOMMENDATION

PAYNE, United States Magistrate Judge.

In accordance with the standing order of this Court, the parties' cross-motions for summary judgment were referred to the undersigned Magistrate Judge for review, report and recommendation.

This is a declaratory judgment action that asks the Court to declare that the Employee Retirement Income Security Act of 1974 ("ERISA") preempts Louisiana's community property laws as they apply to pension plans and benefits that are covered by the Act. Defendants argue that there is no preemption and, alternatively, that they may assert a claim for the value of the ERISA benefits against the other assets of the succession. The Court finds that Louisiana's community property laws applicable to this case are preempted by ERISA and the defendants may not circumvent the preemption by asserting their claim against the remaining assets of the succession.

The facts of this case are undisputed. Plaintiff Waddy Turner Meek is the widower of Virginia Meek, who died intestate in 1987. The couple had two children, Linda and Paul, the defendants. During the marriage Mr. Meek participated in the Retirement Plan for Employees of Arkla, Inc., and three other savings or investment plans that were offered by the company and are governed by ERISA.

Upon his wife's death, Mr. Meek was sent into possession of an undivided one-half interest in the former community and was granted a usufruct over the other half for the remainder of his life or until remarriage. The two adult children were recognized as Virginia Meek's only heirs and received the naked ownership of one-half of the community property. Mr. Meek later remarried and, accordingly, his usufruct dissolved, giving Linda and Paul full ownership of their mother's one-half of the community.

Neither the detailed descriptive list nor the judgment of possession reflected that Mrs. Meek had any interest in the ERISA plans. In July of 1990, Linda filed a petition to reopen the succession asking that the judgment of possession be amended to reflect the children's interests in the plans. In the alternative, she asked that the children be allowed to make a claim for the value of the interests against the other assets of the succession. Mr. Meek and other interested parties then filed this declaratory action.

In *Ablamis v. Roper*, 937 F.2d 1450 (9th Cir.1991), the court was called upon to decide whether a wife who dies while her husband is still living may leave half his current or future pension benefits to a third party in her will. Over a spirited

**156**

dissent, the court held that an employee whose pension interests are covered by ERISA may not be so divested of his entitlement. Insofar as California's community property laws might have allowed the divestment, the court held that they were preempted by ERISA. Absent any indication from the Fifth Circuit that *Ablamis* was incorrectly decided, this court sees no reason to disagree with the Ninth Circuit's holding.[1] This case differs only by the absence of a will, a difference that is not legally significant.

The defendants largely concede the issue, simply adopting by reference the *Ablamis* dissent. Their brief is devoted almost entirely to their alternative argument that they should be able to assert a claim against the non-ERISA assets. Cited in support are Louisiana appellate opinions that are said to have concluded that although certain assets were not subject to Louisiana community property laws, the heirs were entitled to a sum of money equivalent to the value of the exempt assets from the remainder of the community. See *Fontenot v. Fontenot*, 339 So.2d 897 (La.App. 3d Cir.1976) *writ denied* 342 So.2d 217 (La.1976) (United States Savings Bonds); *Succession of McVay v. McVay*, 476 So.2d 1070 (La.App.3d Cir.1985) (individual retirement account); *Scott v. Scott*, 519 So.2d 351 (La.App.2d Cir.1988) (military retirement benefits where spouses married for less than 10 years). *Contra Succession of Egan*, 543 So.2d 940 (La.App. 5th Cir.1989) *cert. denied* 545 So.2d 1041 (La. 1989). Mr. Meek answers that these cases and arguments merely beg the question of *whether*, in a context other than divorce,[2] Louisiana state courts have the authority to apply state community property laws to ERISA governed plans, or, as Mr. Meek

contends, ERISA completely preempts the field.

Whether a certain state action is preempted by federal law is a question of Congressional intent. Congress's purpose is the ultimate touchstone. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 208, 105 S.Ct. 1904, 1909–10, 85 L.Ed.2d 206 (1985). To discern that intent, the Court must examine the explicit statutory language and the structure and purpose of the statute. See *FMC Corp. v. Holliday*, —— U.S. ——, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). In 29 U.S.C. § 1144(a), Congress provided:

Except as provided in subsection b of this section [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...

The Supreme Court has noted that the preemption clause is conspicuous for its breadth and its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern. *FMC Corp. supra; Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). The key words "relate to" are extremely broad, as is the definition of "State law" that includes "all laws, decisions, rules, regulations, or other State action having the effect of law". 29 U.S.C. § 1144(c)(1).

A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such plan. Under this broad, common-sense meaning, a state law may relate to a benefit plan and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. *Ingersoll–Rand Co. v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).

---

1. As of this writing, no federal court has cited *Ablamis* in a published opinion.

2. The Retirement Equity Act of 1984 ("REA") makes ERISA's spendthrift provisions inapplicable to a "qualified domestic relations order", allowing a state court to divide spousal rights in pension benefits in connection with divorce, alimony, support, and similar proceedings. The REA also protects widows and widowers of pen-

sion contributors by requiring pension plans to provide automatic survivor benefits. See *Ablamis*, 937 F.2d at 1453–55. These provisions were targeted at protecting non-working spouses and dependent children after the death or divorce of the pension earner. Congress did not provide for non-dependent adult children, such as these defendants, who have no conceivable equitable interest in the pension.

If the Louisiana courts were to extend the jurisprudence relevant to savings bonds and IRAs to ERISA plans, there is no question that such jurisprudence would constitute a state law relating to the benefit plan. Although such a jurisprudential rule would not directly affect the plan assets, the indirect effect is nonetheless prohibited. *McClendon, supra.* To allow plaintiffs' alternative claim would be little different from allowing the main demand. In either instance, Mr. Meek is deprived of one-half of the value of his pension. To allow that would erode ERISA's role as a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. See *Shaw v. Delta Airlines,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983).

Accordingly,

IT IS RECOMMENDED that the plaintiffs' Motion for Summary Judgment be GRANTED, that the defendants' cross-motion be DENIED, and that a declaratory judgment issue in plaintiffs' favor.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to Judge Stagg at the time of filing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) business days from the date of its service, or within the time granted pursuant to Fed.R.Civ.Proc. 6(b), shall bar an aggrieved party from attacking the factual findings on appeal except upon grounds of plain error or manifest injustice. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carter v. Collins,* 918 F.2d 1198, 1203 (5th Cir.1990).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 17th day of March, 1992.