JiDOUCET, Chief Judge.
The defendant, Herby Lormand, appeals the trial court’s partition of the community formerly existing between him and the plaintiff, Sylvia Baeque Lormand.
The parties were married on January 20, 1962. Sylvia Lormand left the matrimonial domicile and filed a Petition for Separation in October 16, 1989. A divorce was granted on December 10, 1991. The parties stipulated to a termination of the community effective October 16, 1989, the date of filing of the Petition for Separation. They further stipulated to the partition of the majority of the assets of the community. Included in the stipulations were the following:
3.
Herby James Lormand shall receive the proceeds through October 19, 1994, from the sale of cattle acquired during the parties’ marriage with an assigned value of $25,296.63, but Herby James Lormand is reserved the right to prove the separate nature of the cattle sold.
[[Image here]]
13.
The parties stipulate and agree that a certain house located at Route 4, Box 464, Highway 723, Lafayette, Louisiana, exclusive of the land lying thereunder, is a community asset. The parties do stipulate and agree that the value of the structure as well as to whom the structure should be apportioned shall be determined by this Honorable Court.
On August 25, 1995, a hearing was held to determine the value and apportionment of the house described in paragraph 13 of the stipulation and to allow Mr. Lormand an opportunity to prove that the cattle described in paragraph three of the stipulation were his separate property.
VALUE OF THE HOUSE
The defendant argues that the trial judge erred in valuing the residence under the provisions of La.Civ.Code art. 493, at $59,000.00. He contends that the house should have been valued under the provisions of La.Civ.Code. art. 2366 at the cost of the improvements made to the underlying property, which is now the separate property of Mr. Lormand.
It is uncontested that at the time the house was built, the underlying real estate was owned by Mr. Lormand’s adoptive parents, Velior and Edna Comeaux. The Comeauxs both died prior to the date of the hearing, leaving Mr. Lormand as their sole heir.
LaCiv.Code art. 2366 provides that:
If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the-community property had at the time it was used.
Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community assets belong to the owner of the ground. Upon termi *1347 nation of the community, the other spouse is entitled to hone-half of the amount or value that the community assets had at the time they were used.
Mr. Lormand asserts that since the property underlying the house is his separate property, La.Civ.Code art. 2366 applies to limit the value of the house for purposes of partitioning the community to the amount of the improvements to the underlying property. We disagree.
In Gibson v. Gibson, 592 So.2d 855 (La. App. 3 Cir.1991), this court indicated that the controlling factor in this situation is the ownership of the property at the time the house was built. In that case, the record indicated that the property was owned by the wife’s father at the time the house was built, although the property underlying the house had been inherited by the wife and her coheirs by the time of the divorce. The court stated that:
The applicable codal article in this instance is La.C.C. Art. 493 which provides that a building constructed on the land of another with the landowner’s consent, belongs to him who built it, until the right to keep the building on the land is taken away. The evidence reflects that Gloria and Larry had permission from Gloria’s father to build their home on his land.
Id. at 860.
Both plaintiff and defendant testified that the house was built while the underlying property belonged to Velior and Edna Co-meaux, with the Comeaux’s permission. Accordingly, we find no merit in the defendant’s argument that La.Civ.Code art. 2366 should apply. Therefore, the trial court correctly valued the house at its fair market value.
SEPARATE NATURE OF CATTLE
The defendant further contends that the trial judge erred in finding that 100% of the revenue from the cattle described in paragraph three of the stipulation was community property.
| Louisiana Civil Code Article 2340 provides that: “Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.” The burden of overcoming the presumption established by La.Civ.Code art. 2340 rests upon the party who asserts that the property is separate. To meet the burden, the proof must be clear, positive and legally certain that the property was separate rather than community. Hebert v. Hebert, 94-864 (La. App. 3 Cir. 2/15/95); 650 So.2d 436.
The evidence presented regarding the cattle was anything but clear. While not certain, it appears that at least part of the dairy herd was originally the property of Velior Comeaux. However, all the original cows had been replaced by the time of the sales at issue here. When those cows were sold, the proceeds went to Mr. Comeaux, and the cows were replaced with their offspring. All expenses of caring for and breeding the cattle were undertaken with the Lormands’ community funds. Further, the Lormands added cows to the herd by buying additional calves. Some of the cattle in the beef herd may also have belonged to Mr. Comeaux when the herd was begun. However, those animals had also been replaced long before the sales at issue here. While some of them were replaced with their own offspring, those offspring were the result of artificial insemination with sperm bought with community funds. There was no evidence as to which or how many animals had originally belonged to Mr. Comeaux. At best, the testimony presented at trial shows that separate and community funds were hopelessly commingled in the animals. In Succession of McVay v. McVay, 476 So.2d 1070 (La.App. 3rd Cir. 1985), this court stated:
In Gregory v. Gregory, 223 So.2d 238 (La.App. 3rd Cir.1969), this court observed that:
| s‘When separate funds are mixed or co-mingled with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to establish what part of the funds belongs either to the separate estate or to the community, then all of said funds are regarded as belonging to the community.’
Id. at 1072.
As a result, we cannot say that the trial judge' erred in finding that Mr. Lormand *1348 failed to carry Ms burden of proving the separate nature of the cattle described in paragraph three of the stipulation.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal aré assessed to the defendant, Herby James Lormand.
AFFIRMED.